Rutledge, Ch. J. and Bay, J.
As this is a new case, and is to form a precedent, it therefore ought to be solemnly decided. We will consult the other judges, and give our opinion on the return day. We have, however, no doubt at present as to one point, which is the right which the creditors had to be heard on the point, the estate being conceded to be insolvent; in which case they stand in the place of the heir at law.
On the return day, the court considering the novelty and magnitude of the case, ordered the great question, to wit, whether the commissioners could assign the whole dower out of one tract, to be argued again next term.
Rutledge, Ch. J.
delivered the opinion of the court to the following effect: The act of assembly makes no alteration as to the mode of assigning dower; because the words of the act follow the words and form of the judgment, and habere facias in dower at common law. Lilly’s Entries, 270. 598. Lit. 3. 36. 2 Black. Com. 129. 2 Bac. Abr. 118. The act indeed, gives the commissioners a power to relinquish the admeasurement of dower altogether, and of assessing a sum of money in lieu thereof. But one or the *507 other, must be pursued solely ; and no other composition can be made unless by consent. The commissioners then, (if they undertook to admeasure dower at all,; stand in the place of the sheriff at common law.
At common law, where the husband is sole seised, dower must be admeasured off, per metas et hundas. 1 Roll. Abr. 682. 2 Bac. Abr. 135. But it may be otherwise assigned by consent. So also, Finer Abr. tit. Dower, p. 256. pl. 1, 2, 3. also, 257. pl. 12. So also a bad assignment may be rectified ; and a scire facias will lie to assign, de novo, p. 258. pl. 17. p. 260. pl. 12. The latter shews that the court has an equitable power of directing the apportionment of dower. Also in the same page, (Y. pi. 4.) it is shewn that an endowment of one manor out of three, is against common right; and in p. 261. (Z. pi. 1.) it is said, that the sheriff cannot assign against common right.
Common right gives the widow but one-third of each tract. De quocunque tenementis tertia pars. Co. Lit. 33. 6, Moor. pl. 47. 66. Also, Dyer, 137. In 3 Comy, tit. Dower, (p. 131.) it is said the widow shall not be endowed of entire tenements. So in Co. Lit. 35. a. If there be several feoffees, and one assign dower for all, the others cannot take advantage of it. If the thing out of which the widow be dowable at common law, be divisible, her dower must be set out per metas et hundas ; but if it be indivisible, then she must be endowed specially — as of the third presentation of a church — the third toll-dish of a mill — the third part of the profits of an office, &c. 2, Black. 136.
The act of assembly in this state was made, not to vary the right to dower, but to institute a more easy and certain mode of obtaining it. From the peculiar situation of this country, and the great disadvantage, sometimes to all parties, that may attend the dividing of a plantation, the commissioners are vested with powers to assess a sum of money, not as dower, but in lieu of dower. Where they do this, their return is indeed final, because they are made the judges of the value of the property.
*508 But it would be exceedingly dangerous, if they possessed' “le Power °* giving a part of land in lieu of all the restv Dangerous to the widow ; for they might assign her an entire tract in some remote and uncultivated part of the state. Dangerous to purchasers; for they might lay the bur-then of all her dower upon those lands only which had been sold by her husband, and exonerate the heir from all in-cumbrance. In such case, it would be impossible for any man to know, or for counsel to advise him, how far the .claim of dower might, at a future, day, affect the lands he was purchasing. Instead of the widow taking her life-estate in one-third, the commissioners might assign her two-thirds, perhaps a larger portion still. With regard to the competency of the creditors in the present case to be admitted as parties, it is certain that lands being subject to judgments and executions, the creditors stand in the place of the heir, and possess his interest, which is always subject to their debts. If this were not so, the heir and widow colluding together, might always defeat the remedy of creditors. They might get dower assigned in those lands pnlv which are subject to the debts, and the creditors would have no remedy against the lands that had been antecedently sold by her husband, though they might be equally subject to her dcrwer. By this means the innocent creditors would bear all the burthen of the widow’s dower. She has her remedy against purchasers, (where she has never ^renounced,) and can compel them all to contribute to her claim ; but the creditors have no such right: their judgments bind only the lands that were unsold when the judgments were obtained. To refuse, therefore, to entertain these claims of creditors would he to open a wide door for fraud and injustice.
Upon the whole, therefore, the Court is of opinion that the commissioners have not pursued the terms of the law, or the powers given them by the writ of dower,-by selecting the most valuable part of the prpperty, and giving it to the widow in lieu of the whole ; but that they ought to have *509 given her one-third of each separate tract, or assessed a sum in lieu of the same. Whereupon it was ordered that the proceedings of the commissioners be set aside ; and that a new writ of dower do issue.
The return of the commissioners was afterwards made to the said writ, conformable to the principles in the fpre* going case, and finally confirmed.